## Case No. 13,839.

### TERRY v. LIFE INS. CO.

[1 Dill. 403; 2 Leg. Op. 27; 6 Am. Law Rev. 369; 5 West. Jur. 496; 1 Ins. Law J. 132; 2 Bigelow, Ins. Cas. 31.][1]

Circuit Court, D. Kansas. May 26, 1871.[2]

LIFE INSURANCE — SELF-DESTRUCTION — INSANITY.

1. Insanity on the part of the assured which irresistibly impelled him to take his own life, or existing to such an extent as to render him incapable of forming a rational judgment with respect to the act of self-destruction, will so far excuse him as to render the company liable, notwithstanding the policy contains a condition avoiding liability thereon, in case the assured shall "die by his own hand."

[Cited in Manhattan Life Ins. Co. v. Broughton, 109 U. S. 128, 3 Sup. Ct. 99.]

[Cited in Supreme Commandery Knights Golden Rule v. Ainsworth, 71 Ala. 436. Cited in brief in Van Zandt v. Mutual Ben. Life Ins. Co., 55 N. Y. 172. Followed in Phadenhauer v. Germania Life Ins. Co., 7 Heisk. 568.]

2. The burden of proof to establish the insanity is, in such cases, upon the plaintiff, by whom it is alleged.

[Quoted in Manhattan Life Ins. Co. v. Broughton, 109 U. S. 128, 3 Sup. Ct. 99.]

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission. 6 Am. Law Rev. 369, contains only a partial report.]

[2] [Affirmed in 15 Wall. (82 U. S.) 580.]

3. There is no presumption of law, prima facie or otherwise, that self-destruction arises from insanity.

[Cited in Wolff v. Connecticut Mut. Life Ins. Co., Case No. 17,929.]

[Cited in Williams v. State, 50 Ark. 511, 9 S. W. 9.]

This is an action on a life insurance policy issued by the defendant to the husband of the plaintiff [Mary Terry]. The policy contained a condition avoiding liability thereon in case the assured shall "die by his own hand." Answer: that the assured died from poison, which he took for the purpose of destroying his life. Replication: that he was insane at the time and with respect to the act in question. Trial to jury, before Mr. Justice MILLER, and DILLON, Circuit Judge.

The fact that the deceased died from poison, self-administered, was admitted on the trial, and the only question was in respect to the alleged insanity. The testimony showed that the deceased had been in great trouble in consequence of rumors respecting his wife's fidelity; that he was in a highly excited and distressed state of mind; that in communicating his suspicions to friends he would at times break out in explosions of laughter without apparent cause; that he purchased arsenic, stating that he wished it to kill mice, but inquired whether there was enough to kill a man. Some medical gentlemen gave their opinion to the jury that he was insane. There was no evidence offered by either party touching the conduct of the wife, or the ground or reasonableness of the suspicions of the deceased as to her character.

Mr. Nevison, for plaintiff, contended for the doctrine laid down in Eastabrook v. Union Mut. Life Ins. Co., 54 Me. 224; Breasted v. Farmers' Loan & Trust Co., 4 Seld. [8 N. Y.] 299, 4 Hill, 73; 1 Phil. Ins. 503; State v. Felter, 25 Iowa, 67.

Mr. Shannon, for defendant, referred to Dean v. American Mut. Life Ins. Co., 4 Allen, 96, and asked the court to instruct accordingly.

After consideration, the court, by the presiding justice, charged the jury as follows:

MILLER, Circuit Justice. It being agreed that deceased destroyed his life by taking poison, it is claimed by defendants that he "died by his own hand," within the meaning of the policy, and that they are therefore not liable. This is so far true, that it devolves on the plaintiff to prove such insanity on the part of the deceased, existing at the time he took the poison, as will relieve the act of taking his own life from the effect, which, by the general terms used in the policy, self-destruction was to have, namely, to avoid the policy. It is not every kind or degree of insanity which will so far excuse the party taking his own life, as to make the company insuring liable. To do this, the act of self-destruction must have been the consequence of insanity, and the mind of the deceased must have been so far deranged as to have made him incapable of using a rational judgment in regard to the act which he was committing. If he was impelled to the act by an insane impulse, which the reason that was left him did not enable him to resist, or if his reasoning powers were so far overthrown by his mental condition that he could not exercise his reasoning faculties on the act he was about to do, the company is liable. On the other hand, there is no presumption of law, prima facie, or otherwise, that self-destruction arises from insanity; and if you believe, from the evidence, that the deceased, although excited, or angry, or distressed in mind, formed the determination to take his own life, because in the exercise of his usual reasoning faculties he preferred death to life, then the company is not liable, because he died by his own hand within the meaning of the policy.

The jury found for the plaintiff, and there was judgment accordingly.

[On error, the above judgment was affirmed by the supreme court. 15 Wall. (82 U. S.) 580.]

NOTE. Under a policy with a condition making it void in case the assured shall die by his own hands, the company is liable if the self-destruction shall happen as a direct consequence of the insanity of the person insured. Breasted v. Farmers' Loan & Trust Co. (1843) 4 Hill, 73; same case (1853) 8 N. Y. 299; Eastabrook v. Union Mut. Life Ins. Co. (1866) 54 Me. 224; Hartman v. Keystone Ins. Co. (1853) 21 Pa. St. 466, 468 (poisoning by taking arsenic). As to the degree and nature of the insanity necessary to make the company liable, when the policy contains such a condition, the cases are conflicting. See, in addition to the above, Dean v. American Mut. Life Ins. Co. (1862) 4 Allen; 96; same case, with note, 1 Bigelow, Ins. 195; followed Cooper v. Massachusetts, etc., Ins. Co. (1869) 102 Mass. 227; Nimick v. Insurance Co. [Case No. 10,266], U. S. Cir. Ct. W. D. Pa., McKennan, J., 1871; St. Louis Mut. Life Ins. Co. v. Graves (Ct. App. Ky. 1843) [6 Bush. 268],—as to effect of moral insanity. The leading British decisions on the subject are Borradaile v. Hunter (1843) 5 Man. & G. 639; Clift v. Schwabe (1846) 3 C. B. 437, 2 Car. & K. 134; Dufaur v. Professional Life Assur. Co. (1858) 25 Beav. 602; Horn v. Anglo-Australian & U. F. Life Ins. Co., 7 Jur. (N. S.) 673; White v. British, etc., Assur. Co., L. R. 7 Eq. 394. Sanity of a person who commits suicide presumed. Arguendo, per Williams, C. J., in St. Louis Mut. Life Ins. Co. v. Graves, supra; contra, Robertson, J., Id. The court examined the foregoing authorities before adopting the charge to the jury in the foregoing case.—Reporter.

TERRY (MAYSHEW v.). See Case No. 9,361.

TERRY (PARSONS v.). See Case No. 10,782.

TERRY (UNITED STATES v.). See Case No. 16,454.

TERRY, The ELLEN S. See Case No. 4,378.